# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2920 | **DATE** | June 26, 2001 |
| **CASE TITLE** | *Medical Alliances, LLC vs. American Medical Security* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants defendant's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff is given until July 17, 2001 to file an amended complaint. Defendant is given until July 31, 2001 to answer to otherwise plead.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 2 7 2001 | |
| ✓ | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 01 JUN 26 PM 4:51 | |
| CW courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEDICAL ALLIANCES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No: 01 C 2920 |
| AMERICAN MEDICAL SECURITY, | ) Judge James H. Alesia |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is defendant American Medical Security's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff Medical Alliances LLC's complaint. For the following reasons, the court grants defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff Medical Alliances LLC ("plaintiff") is an Illinois corporation that provides medical services for contracted clients. John Gunther ("Gunther") was a client of plaintiff who received medical services (neurological testing and interpretation) which totaled $10,600.00. Defendant American Medical Security ("defendant") is an insurance carrier who insured Gunther for medical services. Gunther then assigned his right to payment to plaintiff. Plaintiff has sought payment from defendant, however defendant has refused to pay for the cost of the services. Plaintiff originally brought this action in the Circuit Court of Cook County, seeking payment for medical services. Defendant removed this case, claiming that this court has jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§ 1003(1) *et seq.* Defendant now moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

In its motion to dismiss, defendant argues that plaintiff's claim must be dismissed because plaintiff has failed to exhaust its administrative remedies. In response, plaintiff argues that, in paragraph seven of its circuit court complaint, plaintiff clearly alleges that it exhausted its administrative remedies. Paragraph seven of plaintiff's complaint states: "Plaintiff, Medical Alliances, LLC has made numerous demands for payment from the Defendant from June 16, 2000, to March 4, 2001, and the Defendant has refused and continues to refuse to pay the Plaintiff as required." (Pl.'s Compl. at ¶ 7.) Alternatively, plaintiff argues that, even if it did not exhaust its administrative remedies, any attempt to do so would be futile. The court addresses these arguments below.

## II. DISCUSSION

### A. Standard for deciding a motion to dismiss

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When deciding a

---

[1] In its motion to dismiss, defendant refers to the plan's review procedures. In addition, defendant has attached a letter – addressed to plaintiff – which explains the terms of those appeal procedures. However, this is a motion to dismiss and, consequently, any documents outside the four corners of the complaint cannot be considered. While the court may convert such a motion into a motion for summary judgment, the court may rule on the motion to dismiss if it excludes any documents or materials not contained within the complaint. *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775-76 (7th Cir. 2001) (holding that a "motion to dismiss must be treated as a motion for summary judgment if the judge considers matters outside the complaint, but the judge may elect to treat a motion as what it purports to be and disregard the additional papers"). Thus, the court will decide the motion to dismiss without considering the additional documents.

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see also Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2000). If, when viewed in a light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). However, dismissal is proper only if it is clear from the complaint that no set of facts consistent with its allegations would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The federal rules do not require detailed factual pleadings. FED. R. CIV. P. 8(a)(2). Rather, federal notice pleading requires only that the plaintiff set out in its complaint a short and plain statement of the claim. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).

**B.     The exhaustion-of-remedies requirement under ERISA**

The ERISA statute does not explicitly state that a claimant must exhaust his or her administrative remedies before filing suit in federal court. *Gallegos v. Mt. Sinai Med. Cent.*, 210 F.3d 803, 807 (7th Cir. 2000). However, the Seventh Circuit has long established that the intent of Congress, in enacting ERISA, "is best effectuated by granting district courts discretion to require administrative exhaustion." *Id.* at 808. In fact, the Seventh Circuit has determined that it is within the sound discretion of the district court to require administrative exhaustion. *Id.* The reasoning behind such a holding is to further the goals of "minimizing the number of frivolous lawsuits, promoting non-adversarial dispute resolution, and decreasing the cost and time necessary for claim settlement. ... [and enabling] the compilation of a complete record in

3

preparation for judicial review." *Id.* (citing *Lindemann v. Mobil Oil Co.*, 79 F.3d 647, 649 (7th Cir. 1996)). While it is within this court's discretion, "[t]he preference in this Circuit is to require the exhaustion of administrative remedies before a plaintiff may file a federal claim alleging an ERISA violation." *Koenig v. Waste Mgmt., Inc.*, 76 F. Supp. 2d 908, 912 (N.D. Ill. 1999) (citing *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1235 (7th Cir. 1997)).

Despite the fact that exhaustion may be required, some courts in this circuit have held that an allegation of exhaustion is not necessary to properly state an ERISA claim. *See Shaw v. Doherty Employment Group*, No. IP 00-0139-C, 2001 WL 290376, at *1-2 (S.D. Ind. Feb. 7, 2001) (holding that the "failure to exhaust remedies" requirement is not an element of an ERISA claim, but an affirmative defense); *Moore v. ABB Power T & D Co.*, No. IP 00-0085-C, 2000 WL 1902185, at *1-2 (S.D. Ind. Dec. 13, 2000) ("There is no doubt that a failure to exhaust administrative remedies is an affirmative defense under ERISA"). In those cases, the courts determined that it was only necessary that a plaintiff did not allege facts from which it is clear that plaintiff had failed to exhaust such remedies. *Shaw*, 2001 WL 290376, at *1-2 (holding that, because plaintiff did not allege facts which showed that she failed to exhaust her administrative remedies, defendants' argument regarding plaintiff's failure to exhaust such remedies could only be considered on a motion for summary judgment). *See also Cen. States v. Cent. Cartage Co.*, 84 F.3d 988, 990 (7th Cir. 1996) (recognizing "failure to exhaust administrative remedies" as an affirmative defense). *Cf. Coats v. Kraft Foods, Inc.*, 12 F. Supp. 2d 862, 868-69 (N.D. Ind. 1999) (requiring that a plaintiff affirmatively plead that it has exhausted administrative remedies).

On the other hand, some courts have found that, when a plaintiff includes allegations which seem to anticipate a defense like failure to exhaust administrative remedies, then plaintiff must include allegations sufficient to show that such remedies were exhausted or that plaintiff is excused from exhausting those remedies. *See Wilczynski*, 93 F.3d at 402-03 (finding that plaintiff's allegations may be sufficient to excuse her failure to exhaust her administrative remedies and refusing to grant defendant's motion to dismiss). However, the court notes that in *Wilczynski*, the Seventh Circuit acknowledged that, in most cases, the exhaustion doctrine is applied to a more developed record at the summary judgment stage. *Id.* (holding that the plaintiff's allegations were sufficient to survive a motion to dismiss).

This court finds that, because exhaustion is a discretionary requirement, a plaintiff does not have to affirmatively plead such an allegation. However, the court agrees with those cases that find if a plaintiff anticipates such an affirmative defense and makes allegations pertaining to the exhaustion of administrative remedies, plaintiff could plead themselves out of court.

In this case, plaintiff contends that its complaint sufficiently alleges exhaustion. Plaintiff points to paragraph seven of its own complaint in support of that contention. Paragraph seven of the complaint states that plaintiff "has made numerous demands for payment from the Defendant from June 16, 2000, to March 4, 2001, and the Defendant has refused and continues to refuse to pay the Plaintiff as required." (Pl.'s Compl. at ¶ 7.) The court finds that paragraph seven does not sufficiently allege exhaustion. Although plaintiff claims to have made numerous demands, there is no allegation made regarding administrative appeals or procedures, and there

is no allegation that plaintiff pursued all avenues of administrative relief.[2] However, this does not end the court's inquiry.

If the court determines that exhaustion of administrative remedies is required, the district court may still excuse a plaintiff's failure to exhaust administrative remedies. *Koenig*, 76 F. Supp. 2d at 912. Specifically, the court may excuse a plaintiff's failure to exhaust administrative remedies (1) if the plaintiff lacked meaningful access to the review procedures or (2) if exhaustion of internal procedures would be futile. *Robyns*, 130 F.3d at 1236; *see also Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 402 (7th Cir. 1996). Thus, the court must now determine whether plaintiff has alleged facts sufficient to excuse this failure. *See Koenig*, 76 F. Supp. 2d at 913 (finding that the plaintiff had alleged facts sufficient to show that meaningful access to review was severely curtailed).

To fall under the "futility" exception, a plaintiff must show that "it is *certain* that [its] claim will be denied on appeal, not merely that [it] doubts that an appeal will result in a different decision." *Koenig*, 104 F. Supp. 2d at 967 (citing *Ames v. Am. Nat'l Can Co.*, 170 F.3d 751, 756 (7th Cir. 1999)). Thus, a plaintiff must show that its claim would be denied with certainty. *Id.* Further, the fact that the individual named defendant would be the one reviewing the plaintiff's administrative appeal is not enough to relieve plan participants of the duty to exhaust remedies. *Ames*, 170 F.3d at 756.

---

[2]However, in making such an allegation, the court finds that plaintiff was anticipating an exhaustion defense. This is further evidence by plaintiff's response brief in which plaintiff claims that the exhaustion of its remedies was futile. (*See* Pl.'s Resp. Br. at 3-4 (citing paragraph 7 of Pl.'s Compl.).)

6

In this case, plaintiff's allegation – that it "has made numerous demands for payment from the Defendant ... and the Defendant has refused and continues to refuse to pay" (Pl.'s Compl. ¶ 7) – does not state that all future attempts to pursue administrative remedies are certain to be futile. It appears that plaintiff is alleging that it should be excused from exhausting such remedies because it has made so many unsuccessful attempts that any further actions would be futile. However, the current allegation does not satisfy the "certainty" element of the futility exception. Further, plaintiff has not alleged any facts from which certain futility can be established. Thus, plaintiff has failed to allege facts sufficient to excuse any failure to exhaust administrative remedies. Accordingly, the court grants defendant's motion to dismiss. However, because it may be possible for plaintiff to cure these deficiencies, the court gives plaintiff leave to file an amended complaint within twenty-one days. Thus, plaintiff is given until July 17, 2001 to file an amended complaint consistent with this court's Memorandum Opinion and Order.[3]

### III. CONCLUSION

For the foregoing reasons, the court grants defendant's motion to dismiss. Plaintiff is given leave to file an amended complaint, consistent with this order, by July 17, 2001. Defendant is given until July 31, 2001 to answer or otherwise plead.

JUN 26 2001
Date

_____
JAMES H. ALESIA
United States District Judge

---

[3] If plaintiff can make good-faith allegations which sufficiently plead either exhaustion or futility, the court must take such allegations as true; any future motions on that issue would be better brought with a more developed record (rather than solely on the factual allegations in plaintiff's complaint).

7